## GOSLING v. JONES.

No. 4481.  Decided June 10, 1927.  (257 P. 1058.)

50

*L. A. McGee,* of Price, for appellant.

*Henry Ruggeri,* of Price, for respondent.

HANSEN, J.

This is an action for the specific performance of a written contract for the sale of a tract of land located in Carbon county, Utah. The plaintiff in her complaint alleges:

"(1) That on the 23rd day of March, 1922, the defendant was seized in fee simple of certain real property described in the agreement hereinafter mentioned.

"(2) That on the 23rd day of March, 1922, in Price, Carbon county, state of Utah, the plaintiff and defendant entered into an agreement whereby the plaintiff agreed to buy and the defendant agreed to sell the property described in the agreement, which said agreement is marked Exhibit A, attached hereto, incorporated herewith, and expressly made a part of this complaint.

"(3) That the plaintiff has paid to the defendant all sums that have become due under the terms of said agreement except the sum of $32, which said sum of $32 the plaintiff tendered to the defendant on October 30, 1924, which said sum of $32 the said defendant refused to accept and still refuses to accept without any reason or excuse whatsoever.

"(4) That at the time the said tender, $32, the balance due the defendant for the purchase price of said land described, was made by the plaintiff to the defendant, demand was made upon the defendant that the said property hereinabove described be conveyed to her according to the terms of said agreement.

"(5) That the defendant has failed to comply with the terms thereof and has at no time ever executed such conveyance to the plaintiff herein.

"(6) That the plaintiff has at all times been ready and willing to pay the said balance of $32 to the defendant and hereby tenders the said sum of $32 to the defendant, the balance of the purchase price on said property, according to the terms of said agreement."

The plaintiff prays judgment requiring the defendant to make conveyance of the property described in the contract, for her costs, and for general relief.

The written contract executed by the parties to this action provides for the sale and purchase of 2 acres of land, particularly descrived in the contract, for the sum of $425, to be paid as follows:

"$25 cash upon the signing of this agreement; * * * $50, June 23, 1922; and $50, quarterly thereafter on the 23rd day of each third month, until the amount shall have been paid. Deferred payments to bear interest at the rate of 8 per cent per annum."

The contract also contains these provisions:

"So soon as said purchase money and taxes for the year 1922 and any subsequent taxes shall be fully paid, the said party of the first part agrees to convey to said party of the second part, her heirs, or assigns, by good and sufficient warranty deed, the fee-simple title to said premises, free of any and all incumbrances except taxes levied in 1921, or thereafter.

"Time is of the essence of this agreement, and in case the said party of the second part shall refuse or neglect to pay the said installments of the said purchase money as agreed herein within 30 days after the said payment shall become due, then the said party of the second part shall forfeit any right which she may have to the said premises, and all payments made on this contract shall be forfeited to the party of the first as liquidated damages."

To the plaintiff's complaint, the defendant demurred on the ground that the complaint does not state facts sufficient to constitute a cause of action. Defendant's demurrer was overruled, whereupon the defendant answered.

The answer admits the execution of the contract and denies that plaintiff has been ready to pay the balance of $32 and alleges that $32 is not the correct amount still owing upon the contract. Defendant denies generally all

other allegations of plaintiff's complaint. Defendant in answer further alleges that in September, 1924, plaintiff was delinquent on her contract in the sum of $124.56, and delinquent in the payment of taxes on the property in the sum of $16.30, and that the plaintiff, being unable to pay her obligations under the said contract, surrendered and abandoned said contract and the possession of said premises to the defendant, and that defendant went into possession of the premises and has been in possession thereof ever since. Defendant prays judgment that plaintiff take nothing by her suit, and that defendant be given judgment for her costs.

Plaintiff filed a reply denying the affirmative allegations contained in defendant's answer.

A trial was had to the court, and a decree was entered directing the defendant to convey to the plaintiff the property in question upon the plaintiff paying into court, for the use and benefit of the defendant, the sum of $105.55, together with interest on the sum of $89.25 from September 20, 1924, at the rate of 8 per cent. per annum until paid into court, and interest on the sum of $16.30 at 8 per cent. per annum from February 16, 1925, until date of payment into court. The defendant appeals.

The defendant by her assignments of error Nos. 1, 3, and 19 attacks the sufficiency of the complaint. It is contended that the court erred in overruling the general demurrer and refusing judgment on the pleadings. It is insisted that, as the contract provides that time is of the essence of the contract, it is necessary to allege and prove that payments were made at the time and in the manner specified in the contract.

It is a well-established and, so far as we are advised, a uniform rule of law that when the vendor accepts payment after the time fixed in the contract such vendor cannot thereafter be heard to complain that such payments, so accepted, were not made at the time provided for by the contract. 36 Cyc. 73; 41 Am. Dig. (Cent. Ed.) 1698; Pomeroy, Specific Performance of Contracts,

§ 394, p. 839. Indeed, it is difficult to see how the law could be otherwise. The vendor, by accepting payments, admits the existence of the contract. If the contract exists for the purpose of payments upon the purchase price, it also exists for the puropse of enforcing the obligations of the vendor. The vendor is not permitted to retain both the purchase price and also the property agreed to be conveyed. It follows that the allegations that payments have been made to the vendor are sufficient to show a performance of the contract to the extent of such payments so alleged, and it is not necessary to either allege or prove that such payments were made at the time or in the manner provided for in the contract. By accepting the payments the vendor waived her right to the payment of the money thus received by her at the time and in the manner provided for under the contract. It will be observed that the complaint alleges that the purchase price except $32 has been paid to the defendant, and therefore the defendant cannot resist the legal effect of such payment upon the ground that the same was not paid at the time provided for in the contract.

It will further be observed that the complaint sets out, in substance, that the plaintiff has at all times been ready and willing to pay the balance of $32 according to the terms of said agreement, but that defendant has refused and still refuses to accept the same, without any reason or excuse whatsoever, and that defendant has failed to execute the conveyance provided for in said contract. It would seem clear that, under the terms of the contract, the final payment of the purchase money and the execution of the conveyance of the property are to be concurrent. Upon the final payment of the purchase price the plaintiff was entitled to her deed, and by a tender of the final payment within time the defendant was obliged to deliver the conveyance to the plaintiff or upon a failure so to do the defendant was in default. There is nothing pleaded in the complaint from which it is made to appear that there has been any default or forfeiture of

plaintiff's rights in the contract. If the defendant claims a forfeiture, the burden was on her to allege and prove such a forfeiture, as the court will not presume a forfeiture in the absence of an issue and proof in support thereof.

We are therefore of the opinion that the complaint does state a cause of action, and that the trial court properly overruled defendant's demurrer and denied defendant's motion for judgment on the pleadings.

During the course of the trial the plaintiff was permitted to testify, over timely objection and exception, that she procured various United States post office money orders and mailed them to the defendant at her post office address at Wellington, Utah. The receipts issued for the money orders by the United States post office wer also admitted in evidence over the objection and exception of the defendant. In assignments of error Nos. 4, 5, 6, 13, and 15 complaint is made of the admission of this evidence. We are of opinion that these assignments of error are without merit. It was certainly competent for the plaintiff to show that defendant had been paid the money provided for in the contract by post office money orders. Before money could be paid in this manner, it was necessary that money orders be received with which to make such payments. As tending to show that the plaintiff had purchased money orders, the receipts issued by the post office were clearly competent evidence. Of course, the purchase of money orders is by no means sufficient proof of the payment of the money, but it is one of the steps necessary to be taken before payment can be made in this manner. In this connection, it was later made to appear by the admission of the defendant, when she testified in this cause, that she had received a number of money orders mailed to her and that she had cashed the same. There was also evidence tending to show that before the trial the defendant had been shown all of the receipts for money orders offered and received in evidence, and that the defendant had admitted receiving the money orders for which the receipts

were given. The receipts for post office money orders were competent evidence showing or tending to show that the plaintiff had purchased money orders, and the court did not err in admitting the same in evidence.

Assignments Nos. 7, 8, 9, 11, 12, and 16 seem to be based upon the theory that the plaintiff did not have the right to show that her delay in making payments on the contract had been waived by the conduct and statements of the defendant. The affirmative defense set up by the defenant is that the plaintiff was delinquent in her payments, and that she had surrendered possession of the property and had abandoned the contract. The plaintiff in her reply denies these allegations. An issue was thus joined as to whether or not a subsisting contract was still in existence between the plaintiff and the defendant for the purchase and sale of the land covered by the contract. As bearing upon this issue, it was competent for the plaintiff to show what was said and done with respect to the contract in question.

Defendant also assigns error on the part of the trial court in permitting the plainiff to testify that she paid to the defendant taxes which were levied against the property. It seems to be the position of the defendant that the taxes should be paid to the county treasurer of Carbon county, and not to the defendant. Conceding that the county treasurer is the proper person to whom a tax should be paid, certainly the defendant cannot be heard to complain if she receives the money which should have been paid to the county treasurer.

We have examined the other assignments of error, and they are, in our opinion, without merit. We are of the opinion that no prejudicial error was committed by the trial court in the trial of this cause, and that the judgment and decree should be and the same is affirmed. Respondent to recover costs.

THURMAN, C. J., and CHERRY, STRAUP, and GIDEON, JJ., concur.